IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONNIE E. SMITH                                                                                    PLAINTIFF

V.                                            NO. 13-5104

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Donnie E. Smith, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 11, 2011, alleging an inability to work since December 1, 2006, due to "Nerve Disorder." (Tr. 104-110, 111-112, 146, 152). An administrative hearing was held on February 27, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 33-59).

By written decision dated April 6, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative joint disease, chronic low back pain syndrome, and anxiety disorder, NOS. (Tr. 2).

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). From a mental standpoint, he is able to perform work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, with few variables and little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 24). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform his past relevant work, but that there were other jobs Plaintiff would be able to perform, such as toy assembler, conveyer bakery, fast food worker, light tenders compression, and leather riveting. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 19, 2013. (Tr. 1-2). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 19, 24).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from

doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ failed to fully and fairly develop the record: 2) The ALJ erred in his Step Two analysis; 3) The ALJ erred in his RFC determination. (Doc. 19).

#### A.   Step Two Analysis:

Plaintiff argues that the ALJ applied the wrong legal standard and erred in failing to find that his pulmonary impairment was severe. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

In this case, the ALJ found there was no medical evidence in the record to support allegations of disabling respiratory disorder. He stated:

> Although he was diagnosed with COPD/asthma after a general physical consultative examination, there is no evidence in the medical record that

AO72A
(Rev. 8/82)

>   the claimant ever sought evaluation or treatment for any respiratory condition. The undersigned concludes that the claimant's respiratory condition poses no more than a minimal impact/limitation on the ability to perform work-related activities and therefore it is a non-severe impairment.

(Tr. 23). Plaintiff states that the ALJ's decision is "devoid of any indiction[sic] that the Administrative Law Judge considered whether the plaintiff's pulmonary impairment had more than a minimal effect upon his ability to perform work activities." (Doc. 19 at p. 12). Clearly, as indicated above, the Plaintiff's argument is without merit, as the ALJ did consider Plaintiff's respiratory condition and applied the accurate legal standard. In fact, the ALJ acknowledged the diagnosis of COPD/asthma given by Dr. C.R. Magness in his General Physical Examination, conducted on March 29, 2011. (Tr. 194-198).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's respiratory disorder was non-severe.

**B.    RFC Determination:**

Plaintiff argues that Dr. Magness's opinion evidence does not support a finding that he can perform a full range of light exertional level with no squatting restrictions, no environmental restrictions, no communicative restrictions, and no manipulative restrictions. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth

AO72A
(Rev. 8/82)

Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

As stated earlier, the ALJ found Plaintiff retained the RFC to perform unskilled light work. In making this determination, the ALJ discussed Plaintiff's testimony and his allegations contained in the application documents. (Tr. 25). He noted that Plaintiff testified that he had not seen any doctor since getting out of prison in 2002, and the fact that he is not taking any medications. As the ALJ noted, with the exception of a consultative mental status examination and general physical consultative examination requested by the state disability determination agency, "there is a lack of current medical evidence of any treatment for the claimant's allegedly disabling symptoms." (Tr. 25). Plaintiff contends that he was unable to afford treatment. However, the ALJ correctly noted that there is no evidence to show that he had been denied treatment due to lack of funds or that he sought free medical care or prescription assistance. (Tr. 25). It is for the ALJ to determine a Plaintiff's motivation for failing to follow a prescribed course of treatment, or to seek medical attention, and such failure may be excused by a lack of funds. Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir. 1984); Jackson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989). However, in this case, no testimony was developed regarding whether Plaintiff had tried any charitable options or was aware that charitable programs were available. The ALJ therefore properly considered the fact that there was no evidence in the record that

AO72A
(Rev. 8/82)

plaintiff was turned down for low-cost or free treatment, including low-cost or free prescription medication assistance. See, e.g., Murphy v. Sullivan, 953 F.2d 383, 386-387 (8th Cir. 1992); Osborne v. Barnhart, 316 F.3d 809, 812 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999). In addition, Plaintiff was somehow able to afford to smoke up to 1 pack of cigarettes per day, and drink a couple of beers a day (Tr. 140, 188, 208), and Plaintiff's smoking habit discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

**C.     Failure to Fully and Fairly Develop the Record:**

Plaintiff argues that the record is not developed as to how the ALJ "jumped" to light exertional level based upon the report of Dr. C.R. Magness. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is

-7-

unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff contends that Dr. Magness's assessment of moderate to severe lift and carry limitations contradicts the ALJ's finding of light work. However, the Court believes the ALJ's assessment of light work demonstrates that he accounted for Dr. Magness's assessment because light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. See 20 C.F.R. §§ 404.1567(b), 416.967(b). Further, Plaintiff testified that he could carry 20 pounds. (Tr. 49). With respect to Dr. Magness's finding that Plaintiff had 75% decreased grip strength in his right hand and 65% decreased grip strength in his left hand, it is noteworthy that Dr. Magness also reported that Plaintiff was able to hold a pen and write, touch fingertips to palm, oppose thumb to fingers, and pick up a coin. (Tr. 197). In addition, non-examining consultant, Dr. Ronald Crow, completed a Physical RFC Assessment on March 31, 2011, and no manipulative limitations were established. (Tr. 203). Finally, in Dr. Terry Efird's mental evaluation, Dr. Efird reported that Plaintiff endorsed the ability to perform basic self care tasks independently, the ability to perform household chores adequately, the ability to shop independently, the ability to handle personal finances adequately, and the ability

to perform most activities of daily living adequately. (Tr. 209, 211).

Based upon the foregoing, the Court believes the existing medical sources contain sufficient evidence for the ALJ to make a determination, and that the ALJ did not fail to fully and fairly develop the record.

### D.     Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to a certain extent. (Tr. 25). The ALJ discussed Plaintiff's daily activities, finding that he had mild restriction. (Tr. 23). Although Plaintiff contends he did not do much of anything during the day, the ALJ referenced Dr. Efird's report that Plaintiff endorsed the ability to perform most activities of daily living independently. (Tr. 23). The ALJ also noted the lack of medical evidence with regard to complaints, evaluation, and treatment for Plaintiff's alleged impairments, which is not consistent

with a severe disability. The Court has already noted above that Plaintiff provided no evidence that he sought treatment from a free health clinic or that he was turned down for treatment because of finances. The ALJ also noted that Plaintiff was not taking any medication, which is also inconsistent with severe, disabling pain.

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's credibility analysis.

### E.     Hypothetical Question to the VE:

The hypothetical question proposed to the VE by the ALJ is as follows:

> Q: Let me give you a couple hypothetical questions. We'll start off assuming we have an individual who's the same age, education, and work background as that of the claimant. Assume further this individual were[sic] limited from an exertional standpoint to no more than light work, and I'm going to start off and leave it at a full range of light work. That would eliminate all of the work you just listed as past relevant work. Is that correct?
>
> A: That would be correct.
>
> Q: Are there other jobs such a person could perform?
>
> A. Yes, Your Honor.
>
> Q: Would you list two?
>
> A: Yes, sir. Light, unskilled production and assembly workers, using as two examples, toy assembler..., conveyer line bakery worker,... Fast food worker, which is a light, unskilled occupation...Light, unskilled machine tenders, using as representative samplings, compression molding machine tender...; level riveting machine operator....
>
> Q: For the second hypothetical, assume this individual would also need to work at a job which involves simple tasks and simple instructions. Would that eliminate those jobs?
>
> A: No, Your Honor. All of the occupations that I have provided

are light and unskilled.

(Tr. 55-56).

The Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's response to the hypothetical questions posed by the ALJ constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the jobs of toy assembler, conveyer bakery, fast food worker, light tenders compression, and leather riveting. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 10th day of April, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)